Tammy Hussin (Bar No. 155290)
*Of Counsel*
Lemberg & Associates LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff, Lloyd Lamb

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| Lloyd Lamb,<br><br>          Plaintiff,<br><br>     vs.<br><br>Vericrest Financial, Inc.; and DOES 1-10, inclusive,<br><br>          Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Lloyd Lamb, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiff's personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Lloyd Lamb (hereafter "Plaintiff"), is an adult individual residing at 130 Rainier Circle, Vacaville, California 95687, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. The Defendant, Vericrest Financial, Inc. (hereafter "Vericrest"), is an Oklahoma company with an address of 2300 North Lincoln Boulevard, Room 101, Oklahoma City, Oklahoma 73105-4897, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by Vericrest and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. Vericrest at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A.**     **The Debt**

8. The Plaintiff allegedly incurred a financial obligation in the approximate amount of $4,000.00 (the "Debt") to creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to Vericrest for collection, or Vericrest was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

3

B. **<u>Vericrest Engages in Harassment and Abusive Tactics</u>**

12. Within the last year, the Vericrest contacted Plaintiff in an attempt to collect the Debt.

13. Vericrest caused Plaintiff's phone to ring at an excessive and harassing rate, placing three to four calls daily, oftentimes at a rapid succession one after the other.

14. Vericrest called Plaintiff before 8 a.m. and after 9 p.m.

15. Vericrest failed to identify itself during said telephone contacts, and further failed to inform Plaintiff that the communication was an attempt to collect the Debt and all information obtained would be used for that purpose.

16. During initial conversation and during every conversation thereafter, Plaintiff informed Vericrest that he did not owe this Debt and was in no way responsible for repayment of it.

17. During initial contact and during every contact thereafter, Plaintiff requested that Vericrest cease all collection attempts to Plaintiff and advised Vericrest that the calls were inconvenient and harassing.

18. Despite having been informed so, Vericrest continued to contact Plaintiff in an attempt to collect the Debt at an excessive rate as aforementioned.

4

19. Vericrest used a loud and aggressive tone with Plaintiff in an effort to intimidate Plaintiff into making immediate payment, and was condescending to Plaintiff during conversations .

20. Vericrest threatened to double the Debt, if the original amount wasn't paid immediately.

21. Vericrest threatened to file legal action against Plaintiff, if the Debt was not paid immediately. To date, no such action has been filed.

22. In one of the conversations, Vericrest stated "We have an affidavit of complaint against you… just a moment, let me see if I can pull this back from the legal dept."

23. Plaintiff's spouse is ill and cannot care for herself. Vericrest threatened to arrest Plaintiff, if the Debt was not paid immediately. This threat caused a great deal of distress and worry to Plaintiff and his ill spouse, and had them concerned as to who would care his spouse should he be arrested.

24. Vericrest called Plaintiff's son-in-law and falsely stated that Vericrest had judgment against Plaintiff, which caused Plaintiff a great deal of embarrassment.

25. Vericrest failed to inform Plaintiff of his rights under state and federal law by written correspondence within five days after initial contact, including the right to dispute the Debt.

**C.     Plaintiff Suffered Actual Damages**

26.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

27.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

28.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

**COUNT I**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692, et seq.**

29.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.     The Defendants informed third parties of the nature of Plaintiff's debt and stated that the Plaintiff owed a debt, in violation of 15 U.S.C. § 1692b(2).

31.     The Defendants contacted the Plaintiff at a place and during a time known to be inconvenient for the Plaintiff, in violation of 15 U.S.C. § 1692c(a)(1).

32.     The Defendants contacted the Plaintiff before 8:00 a.m. and after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1).

33. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

34. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

35. The Defendants caused a phone to ring repeatedly and engaged the Plaintiff in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

36. The Defendants placed calls to the Plaintiff without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

37. The Defendants threatened the Plaintiff with imprisonment if the debt was not paid, in violation of 15 U.S.C. § 1692e(4).

38. The Defendants threatened to take legal action, without actually intending to do so, in violation of 15 U.S.C. § 1692e(5).

39. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

40. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

41. The Defendants failed to send the Plaintiff a validation notice stating the amount of the debt, in violation of 15 U.S.C. § 1692g(a)(1).

42. The Defendants failed to send the Plaintiff a validation notice stating the name of the original creditor to whom the debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

43. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to dispute the debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

44. The Defendants failed to send the Plaintiff a validation notice informing the Plaintiff of a right to have verification and judgment mailed to the Plaintiff, in violation of 15 U.S.C. § 1692g(a)(4).

45. The Defendants failed to send the Plaintiff a validation notice stating the Plaintiff's right to request the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

46. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

47. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

48.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49.  The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

50.  Vericrest Financial, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

51.  The Defendants threatened the Plaintiff with arrest if the debt was not paid, in violation of Cal. Civ. Code § 1788.10(e).

52.  The Defendants used obscene and profane language when speaking with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(a).

53.  The Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiff, in violation of Cal. Civ. Code § 1788.11(b).

54.  The Defendants caused a telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

55.  The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

56. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

57. The Defendants communicated information about the debt to the Plaintiff's extended family, without the intent of confirming the Plaintiff's location and without consent from the Plaintiff or the Plaintiff's attorney, in violation of Cal. Civ. Code § 1788.12(b).

58. The Defendants falsely represented that the Plaintiff's debt would be increased by the addition of attorney's fees, investigation fees, service fees, finance charges or other charges, when the charges could not be legally added to the debt, in violation of Cal. Civ. Code § 1788.13(e).

59. The Defendants falsely represented that a legal proceeding had been or was about to be instituted unless the debt was paid immediately, in violation of Cal. Civ. Code § 1788.13(j).

60. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

61. The Plaintiff is entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

1
2  DATED: September 19, 2011                    TAMMY HUSSIN
3
4
5                                              By: __/s/   *Tammy Hussin*__
                                               Tammy Hussin  *Of Counsel*
6                                              Lemberg & Associates, LLC
                                               Attorney for Plaintiff, Lloyd Lamb
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28