IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LLOYD LAMB,                              )<br>                                          )<br>          Plaintiff,                     )<br>                                          )<br>     v.                                   )<br>                                          )<br> VERICREST FINANCIAL, INC.; and           )<br> DOES 1-10, inclusive,                    )<br>                                          )<br>          Defendant.                     )<br> _____          ) | 2:11-cv-02473-GEB-CKD<br><br>ORDER RE: SETTLEMENT AND<br>DISPOSITION |

Plaintiff filed a "Notice of Settlement" on November 10, 2011, in which he states, "the parties . . . have reached a settlement[, and t]he Plaintiff anticipates filing a notice of withdrawal of Complaint and voluntary dismissal of this action . . . within 60 days." (ECF No. 6.)

Therefore, a dispositional document shall be filed no later than January 9, 2012. Failure to respond by this deadline may be construed as consent to dismissal of this action without prejudice, and a dismissal order could be filed. See E.D. Cal. R. 160(b) ("A failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions.").

Further, the Status Conference scheduled for hearing on December 12, 2011, is continued to February 13, 2012, commencing at 9:00 a.m., in the event no dispositional document is filed, or if this action

1 is not otherwise dismissed.[1] A joint status report shall be filed
2 fourteen (14) days prior to the Status Conference.
3     IT IS SO ORDERED.
4 Dated: November 14, 2011

                        _____
                        GARLAND E. BURRELL, JR.
                        United States District Judge

---

[1] The Status Conference will remain on calendar, because the mere representation that a case has been settled does not justify vacating a scheduling proceeding. Cf. Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (indicating that a representation that claims have been settled does not necessarily establish the existence of a binding settlement agreement).

2